IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:04cr320-04

TYRONE HENDERSON

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 285), the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR A SENTENCE REDUCTION UNDER THE FIRST STEP ACT (ECF No. 287), the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER THE FIRST STEP ACT (ECF No. 290), and the UNITED STATES' SUR-REPLY REGARDING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER THE FIRST STEP ACT OF 2018 (ECF No. 295). For the reasons set forth below, DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 285) will be denied.

## BACKGROUND

In May 2005, Tyrone Henderson was convicted by a jury of conspiring to distribute and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 and of distribution of fifty grams or more of cocaine base in

violation of 21 U.S.C. § 841. Pursuant to 21 U.S.C. § 851, the United States files a notice of sentence enhancement. Henderson had a criminal history category of VI, which together with his offense level of 38, yielded a guideline range of 360 months to life imprisonment (with a total 240 month mandatory minimum sentence because of 21 U.S.C. § 851). Henderson was sentenced to 360 months on each count of conviction to run concurrently and to ten years of supervised release.

In February 2012, Henderson's sentence was reduced from 360 months to 324 months by virtue of the grant of a motion for retroactive application of the sentencing guidelines as applied to crack cocaine cases. In 2017, Henderson's sentence was gain reduced from 324 months to 262 months.

Under the Fair Sentencing Act, the mandatory minimum would be ten years (120 months) rather than twenty years (240 months). Additionally, under the current guidelines, Henderson's offense level would be 34 and considered in perspective of his criminal history category VI, the advisory guideline range would be 262 to 327 months (of course, limited by the mandatory minimum sentence of 120 months).

The record establishes that approximately one year from August 2003 to June 2004 Henderson and several others were engaged in the distribution of crack cocaine in Richmond and Petersburg,

2

Virginia and elsewhere. Henderson supplied crack cocaine to other members of the conspiracy and was the subject of an undercover operation where he participated in purchasing crack cocaine. In addition, Henderson arranged to purchase substantial quantities of cocaine in June 2004 after having been seized in April 2004 in the possession of a total of approximately $9,000.00 of United States currency and in the company of a person who had an additional $2,000.00. The currency was the subject of an alert by a certified canine dog. Henderson played an important role in the conspiracy but was not given an enhancement for his role in the offense. For purposes of relevant conduct, it was determined that Henderson distributed 7.4 kilograms of cocaine base.

Henderson had an extensive criminal history beginning with possession of cocaine at the age of 16 and again at the age of 18, again at the age of 19 (this time possession of marijuana) and then a number of offenses amounting to destruction of property and obstruction of justice, failing to appear, driving offenses, contempt of court, all of which he was given relatively lenient sentences by the state court.

### DISCUSSION

The threshold issue in this case is whether Henderson is eligible for reduction. For the reasons set forth in <u>United States</u>

v. Wirsing, ___ F.3d ___, No. 19-6381, 2019 WL 6139017 (4th Cir. 2019); United States v. Mabry, 2019 U.S. Dist. LEXIS 192435, October 31, 2019 and United States v. Hardnett, ___ F. Supp.3d ___, No. 3:03cr12, 2019 WL 5445888 at *1 (E.D. Va. Oct. 24, 2019), the Court concludes that Henderson is eligible for relief under Section 404(b) of the First Step Act. That is because, before August 3, 2010, Henderson violated a federal statute, the penalties for which were reduced by Sections 2 and 3 of the Fair Sentencing Act of 2010.

Whether to exercise that discretion and further modify Henderson's period of confinement is a matter of discretion that is to be informed by an examination of the record, all of the papers in the case filed with respect to the modification, the offense of conviction and criminal history, as well as the defendant's post-offense rehabilitation while in prison.

The offense of conviction is indeed quite serious and the amount of cocaine base involved is significant. While the amount of cocaine base involved is not to considered in deciding whether Henderson is eligible for modification of sentence under Section 404(b) of the First Step Act, the quantity of controlled substance is appropriate to consider in determining whether to modify the sentence. Henderson's original sentence has been twice modified so that is period of confinement is 262 months and is projected

4

release date is now January 14, 2024. Henderson seeks a sentence of time served, arguing that a variance under the sentencing procedures is an appropriate way to achieve that result.

The Court concludes that modification of sentence under Section 404(b) of the First Step Act is not a resentencing and that it is not appropriate the modification within the framework of the guidelines (such as departures or variances) because this is not a resentencing but, instead, is a modification or reduction of sentence.

In addition to the serious offense conduct and the significant drug conspiracy and Henderson's extensive criminal history, the record shows (raised for the first time in Henderson's reply brief), that, while in prison, the defendant argues that his most serious prior offense was a state court conviction of simple possession of cocaine, one in 1992 and one in 1995. He argues that the remainder of his prior offenses were misdemeanor and driving offenses. There is some truth to that argument but it ignores the fact that there are many of other misdemeanors and driving offenses of various kinds. He also received considerable leniency and took no advantage of it all.

Henderson also argues that the other co-defendants have been released from prison and that failing to reduce his sentence to time served would also "potentially create a sentencing disparity

between Mr. Henderson and similarly situated defendants who have received sentence reductions under the First Step Act." Other than arguing the length of sentences, Henderson demonstrates no similarity between him and the other defendants to whose sentences he points except that they were in the same conspiracy. The Presentence Report in Henderson's case shows that those individuals did not have as a significant role in the offense of conviction as did Henderson.

Also, for the first time in the reply brief, Henderson points to the fact that he has had many educational, vocational and personal improvement courses (evidenced by 74 certificates of completion). They include business classes, science classes, finance classes, money management courses, self-improvement courses, health and fitness classes, parenting classes, job placement courses, concrete work courses, and vocational tech classes in the areas of custodial work, electrical work, computer skills, and HVAC. He completed his GED in 2005 and has worked regularly in the textiles department at Butner.

As the United States points out, Henderson's laudable efforts toward self-improvement are to be taken into account, but they do not offset the serious nature of the offense and Henderson's criminal history.

Accordingly, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 285) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 13, 2019